# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 27, 2026

```
*  *  *  *  *  *  *  *  *  *  *  *  *
MARGARET ACHANZAR,                 *
                                   *
            Petitioner,            *            No. 21-2044V
                                   *
v.                                 *            Special Master Gowen
                                   *
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
            Respondent.            *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

*Bridget C. McCullough,* Muller Brazil, LLP, Dresher, PA, for petitioner.
*Naseem Kourosh,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On September 17, 2024, Margaret Achanzar ("petitioner") filed a motion for interim attorneys' fees and costs related to this matter that were incurred between October 13, 2021, and September 11, 2024. Interim Fees Motion ("Int. Mot.") (ECF No. 52). Petitioner requested that her attorney, Ms. Phyllis Widman,[2] be awarded interim attorneys' fees in the amount of $32,467.00 and costs in the amount of $988.98,[3] for a total interim award of $33,455.98. Int. Mot. at 1, 8-15.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The court has since granted petitioner's motion to substitute Ms. Bridget C. McCullough in place of Ms. Widman as the lead attorney. Clerk's Notice Granting Motion to Substitute Attorney; *see also* Consented Motion to Substitute (ECF No. 60).

[3] Petitioner stated that "[p]etitioner is owed $988.98 in costs." Int. Mot. at 1. However, the supporting documentation reflects that the majority of these expenses were paid for by Widman Law Firm LLC. *Id*. at 18-29. Respondent noted that "$586.98 in costs was incurred by petitioner's counsel, not by petitioner [and], while there is no provided documentation for the $402.00 filing fee listed in petitioner's [Interim Fees Motion], the docket in this case indicates that the petition was filed by petitioner's counsel, not pro se by petitioner." Respondent's Response at 4 (ECF No. 54) (citation modified). For the purposes of this decision, I construe petitioner's request for costs as a request for *attorneys' costs* and evaluate them accordingly.

On September 25, 2024, respondent filed a response arguing that petitioner had not made the showing necessary to justify an award of interim fees and costs, asserting that petitioner failed to identify or explain the nature of undue hardship; further, respondent pointed to "several instances in which petitioner's counsel billed for tasks of an administrative nature" at an inappropriate rate. Respondent's ("Resp't") Response at 3-4, 6 (ECF No. 54). Petitioner filed a reply on October 2, 2024, maintaining that denial of the motion would impose undue hardship and asserting that petitioner's counsel billed appropriately. Petitioner's ("Pet'r") Reply (ECF No. 55).

For the reasons discussed below, I **GRANT** petitioner's motion for attorneys' fees and costs and award a total of $31,832.63.

## I.    Procedural History

On October 20, 2021, petitioner filed her claim in the National Vaccine Injury Compensation Program.[4] Petition (ECF No. 1). Petitioner alleges that as a result of receiving the Human Papillomavirus (HPV) vaccine on October 21, 2019, she suffered "a left shoulder injury (SIRVA) and/or significan[t] aggravat[ion] [of] a condition…." Petition at Preamble. Following completion of pre-assignment review, the matter was assigned to the Special Processing Unit ("SPU") on June 10, 2022. SPU Initial Order (ECF No. 15).

After respondent filed a Rule 4(c) report opposing compensation, (ECF No.33), petitioner amended her Petition on July 12, 2023, to allege a Table SIRVA injury and/or axillary nerve mononeuropathy and/or a significant aggravated shoulder injury caused-in-fact by the vaccination. Amended Petition (ECF No. 43) at Preamble and ¶¶ 13, 16; *see also* Pet'r Reply Brief ("Br.") (ECF No. 48) at 7-8 (providing that the off-Table claim is "in the alternative to her on-Table claim"). In a status report filed September 23, 2024, petitioner indicated her intent to proceed on concurrent Table and non-Table theories. (ECF No. 53).

On November 25, 2024, the Chief Special Master dismissed petitioner's Table SIRVA claim, finding that petitioner could not establish the regulatory requirements for a Table SIRVA injury, including the persistence of a qualifying musculoskeletal injury for six months and the absence of confounding neurological abnormalities. Dismissal of Table Claim at 12-13 (ECF No. 57). However, the Chief Special Master determined that a causation-in-fact claim based on an alleged axillary nerve injury was tenable under the record and that the severity requirement would likely be satisfied. *Id*. at 13-14. The case was therefore transferred out of SPU and was reassigned to the undersigned for further proceedings. Notice of Reassignment (ECF No. 58).

Accordingly, what began as a streamlined Table injury claim has evolved into a causation-in-fact matter that likely requires further case development. At the time petitioner

---

[4] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

filed the instant motion, the case had already been pending for well over two years, and the record reflects that more than $30,000.00 in attorneys' fees and costs had been incurred. Approximately seventeen months thereafter, Ms. McCullough was recognized as petitioner's attorney of record, underscoring that this litigation has continued well beyond its initial SPU posture.  Given the extended pendency of these proceedings and the expenses accrued prior to the change in representation,  addressing the pending request of interim fees and costs is appropriate for resolution.

## II.       Entitlement to attorneys' fees and costs

### a.  Legal standard

The Vaccine Act provides that reasonable attorneys' fees and costs "shall be awarded" for a petition that results in compensation.  § 15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought."  § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims."  *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

Petitioners act in "good faith" if they filed their claims with an honest belief that a vaccine injury occurred.  *Turner v. Sec'y of Health & Human Servs.,* No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  In this case, the records reveal that medical service providers assessed petitioner's left shoulder pathology and associated it with her HPV vaccination.  *See, e.g.*, Pet'r Ex. 6 at 2-3 (ECF No. 11-2); Pet'r Ex. 12 at 12-5 (ECF No. 19-1). Notwithstanding a subsequent gap in medical records, which coincided with the emergence of the COVID-19 pandemic, a treating provider deemed the left shoulder pain not to have resolved as of early 2022, well beyond the six-month severity period.  Pet'r Ex. 12 at 30.  Thus, petitioner has satisfied the good faith requirement.

To receive an award of fees and costs, a petitioner must also demonstrate the claim was brought with a reasonable basis through objective evidence supporting the claim for which the petition was brought.  *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632, 635 (Fed. Cir. 2017) (citing § 15(e)(1)); *see also*, *Chuisano v. Sec'y of Health & Human Servs.,* 116 Fed. Cl. 276, 286 (Fed. Cl. 2014) (citing *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed Cl. 297, 303 (Fed. Cl. 2011)).  To establish a reasonable basis for attorneys' fees, the petitioner need not prove a likelihood of success.  *Woods v. Sec'y of Health & Human Servs.,* No. 10-377V, 2012 WL 401485, at *5-7 (Fed. Cl. Spec. Mstr. Aug. 23, 2012) (citing *Turner v. Sec'y of HHS,* No. 99-544V, 2007 WL 4410030, at *6 (Fed. Cl. Spec. Mstr. Nov. 30, 2007)).  Instead, the special master considers the totality of the circumstances and evaluates the objective evidence, which may fall short of a preponderance, but must rise above a "mere scintilla" of evidence. *Cottingham v. Sec'y of Health & Human Servs.,* 971 F.3d 1337, 1344-46 (Fed. Cir. 2020).

Here, petitioner has filed more than a *mere scintilla* of objective medical evidence.  The medical records document post-vaccination left shoulder pathology.  *See, e.g.*, Pet'r Ex. 3 at 2;

Pet'r Ex. 12 at 3-5.  By February 2020, petitioner's treating providers entertained a diagnosis of a suspected left axillary nerve injury.  Pet'r Ex. 12 at 15; Pet'r Ex. 6 at 2-3.  Following a gap in the treatment records, her treating physiatrist maintained the same diagnosis requiring medication management in 2022, well beyond the six-month post-vaccination period.  Pet'r Ex. 12 16-17.  Additionally, the Chief Special Master expressly determined that petitioner's causation-in-fact theory was tenable under the circumstances, warranting transfer out of SPU for further adjudication.  Dismissal of Table Claim at 14.  Thus, while this evidence may not establish entitlement by a preponderance, it satisfies the reasonable basis requirement for the purposes of awarding interim attorneys' fees and costs.

I therefore find that the petition was brought in good faith and with a reasonable basis.

### b.  Interim awards

The Vaccine Act permits interim attorneys' fees and costs.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010).  In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship."  609 F.3d at 1375.  In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  515 F.3d at 1352.  I do not routinely grant interim fee applications.  I generally defer ruling on an interim fee application if: the case has been pending for less than eighteen months (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000.  If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred.  These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application.  I evaluate each one on its own merits.

Petitioner's claim has been pending since October 20, 2021.  Though interim fee requests are generally disfavored in SPU matters absent extraordinary circumstances, the procedural posture of this case has materially changed since petitioner filed the instant motion.  *See generally*, SPU Initial Order at § F.  Further, the requested attorneys' fees and costs exceed $30,000.00.  As the case has been partially briefed and will now proceed as a causation-in-fact case potentially requiring expert development, and as Ms. Widman is no longer petitioner's attorney, it appears that the cost of litigation imposes an undue hardship to counsel.  Accordingly, I find that an award of interim attorneys' fees and costs is appropriate at this time.

### III.    Reasonable Attorneys' Fees and Costs

### a.  Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at

1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  *Avera*, 515 F.3d at 1348.  Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991).  They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993) (per curiam).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson*, 24 Cl. Ct. at 484.  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id.* at 484, n.1.  Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### b.  Hourly rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Court has since updated the *McCulloch* rates.  The Attorneys Forum Hourly Rate Fee Schedules for 2021-2024 ("Fee Schedules") can be accessed online, https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules (last accessed Feb. 27, 2026).

Petitioner is requesting that her former lead attorney, Ms. Widman and staff be reimbursed for work performed on her case from October 2021 through September 2024.  Review of the billing records shows that Ms. Widman billed $375.00 per hour for work completed in 2021; $400.00 per hour for work completed in 2022; $420.00 per hour for work completed in 2023; and $480.00 per hour for work completed in 2024.  Int. Mot. at 8-15.  Petitioner is also requesting fees for "C.G.,"[5] who billed at an hourly rate of either $175.00 or

---

[5] "C.G." is not identified in either the Interim Fee Motion or Petitioner's Reply.  However, another special master has previously encountered "CG" in billing records filed in a separate matter in which Ms. Widman represented a different petitioner.  In that case, the special master determined that "CG" referred to Ms. Carolyn T. Griffin, Esq., an admitted Vaccine Program practitioner.  *Williams v. Sec'y of Health & Human Servs.*, No.18-1860V, 2025 WL 755057, at *2 (Fed. Cl. Spec. Mstr. Feb. 11, 2025).  Additionally, in a contemporaneous attorneys' fees decision involving Ms. Widman as the counsel of record for the petitioner, a special master noted that "Ms. Griffin billed either $175 or $275 per hour, depending on whether her work was designated as paralegal or attorney work, for work performed in 2022 through 2024."  *Kinney v. Sec'y of Health & Human Servs.*, No. 18-1522V, 2025 WL 1305394, at *2 (Fed. Cl. Spec. Mstr. Apr. 11, 2025).  Accordingly, based on these prior determinations under similar

$275.00, for tasks classified as paralegal or attorney work respectfully, which were performed in 2023 and 2024. *Id*. at 12-15. These rates are consistent with what has been awarded to counsel, associates, and paralegals in the past and are in line with the approved rates contained in the Fee Schedules.

In previous matters, however, Ms. Widman has been awarded a lower hourly rate of $450.00 for work performed in 2024 as opposed to the requested rate herein. *See, e.g.*, *Argueta v. Sec'y of Health & Human Servs.*, No. 24-0072V, 2026 WL 496801, at *2 (Fed. Cl. Jan. 20, 2026); *Archer v. Sec'y of Health & Human Servs.*, No. 23-1907V, 2025 WL 3679027, at *2 (Fed. Cl. Nov. 17, 2025); *Vacca v. Sec'y of Health & Human Servs.*, No. 23-1883V, 2025 WL 3681315, at *2 (Fed. Cl. Nov. 17, 2025). In other matters still, special masters have applied Ms. Widman's requested hourly rate of $480.00 for work completed in 2024. *See, e.g.*, *Jenkins v. Sec'y of Health & Human Servs.*, No. 18-1946V, 2025 WL 2218830, at *3 (Fed. Cl. July 11, 2025); *Dryer-Minnerly v. Sec'y of Health & Human Servs.*, No. 23-1809V, 2025 WL 3900642, at *4 (Fed. Cl. Nov. 19, 2025); *Carchietta v. Sec'y of Health & Human Servs.*, No. 21-2338V, 2025 WL 2651101, at *3 (Fed. Cl. Aug. 20, 2025). In *Adams v. Sec'y of Health & Human Servs.*, Ms. Widman included a brief explanation indicating that her requested rate of $480.00 per hour for 2024 work is near the lower end of the allowable rates for her corresponding years of experience in practice and in the Vaccine Program as provided by the Fee Schedules.[6] No. 19-929V, 2025 WL 1891970, at *4 (Fed. Cl. Spec. Mstr. June 13, 2025). Given that the requested rate has been previously awarded and that it is close to the lower end of the relevant tier, I conclude that the requested hourly rates, including the rate for work completed in 2024, are reasonable and appropriate.

### c. Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

While respondent has indicated that diminished resources generally prevent respondent from providing detailed objections to requests for attorneys' fees and costs, respondent did identify certain billing entries, asserting that they were improperly included. Resp't Response at 5-6. Specifically, respondent objected to "extensive review of correspondence with medical providers and drafting and reviewing exhibit lists" as non-attorney work. *Id*. at 6; *see also* Int. Mot. at 8-9. Respondent stated that "billing for administrative tasks is not appropriate and billing for paralegal work at an attorney rate is not appropriate." Resp't Response at 6 (citing to

---

circumstances, I interpret "C.G." to refer to Ms. Carolyn Griffin. Going forward, counsel is advised to review all updated Vaccine Rules and the accompanying Guidelines, as there have been several substantive changes made in recent years, and to follow the Vaccine Rules and Guidelines.

[6] *See generally* Vaccine Guidelines Section X(3)(B)(a)(a) (advising that a request for an award of attorney's fees at an hourly rate not previously awarded must be substantiated by an affidavit of the attorney).

*Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10, 2016 WL 720969, *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). Indeed, "[t]asks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009).

Having reviewed the submitted billing statement, I have noted a few issues, when taken together, warrant a reduction to the overall billed hours. First, there are multiple entries in the submitted billing records which are for clerical or administrative tasks. For instance, there are entries for drafting exhibit lists, filing documents in CM/ECF, and reviewing ECF notifications. *See* Int. Mot. at 35 at 8-10. While these tasks were completed by Ms. Widman, in the Vaccine Program, this type of administrative work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387).

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009). In this case, the work billed by counsel reflects disallowed billing for administrative tasks, warranting an overall reduction of 5% to counsel's fees. **This results in a reduction of $1,623.35.**

Accordingly, Petitioner's attorney, Ms. Widman, is entitled to interim attorneys' fees of $30,843.65.

### d. Attorneys' Costs

Like attorneys' fees, costs incurred by counsel or by petitioner must be reasonable to be reimbursed in the Program. *Perreira*, 27 Fed. Cl. Ct. 29, 34. Here, petitioner is requesting a total of $988.98 in costs. Int. Mot. at 1. Specifically, petitioner provided documentation demonstrating that the requested sum includes a filing fee and the costs incurred when obtaining medical records. *Id*. at 18-31. Such expenses are routinely reimbursed in the Program. Accordingly, petitioner shall be awarded the full amount requested for costs.

### IV.   Conclusion

By the time petitioner filed the instant motion, the case had been pending for more than two years. Significant work has been performed, and additional litigation remains necessary before a final resolution can be reached. Additionally, Ms. Widman is no longer petitioner's lead counsel. Under these circumstances, an interim award is warranted.

Respondent argues that petitioner failed to articulate the nature of any undue hardship. The duration of the litigation, the accumulation of uncompensated attorneys' fees and costs, and the foreseeable need for continued litigation under a new lead attorney support the appropriateness of interim fees in this case, albeit with a minor reduction.

7

In accordance with the foregoing, I hereby **GRANT** petitioner's motion for interim attorneys' fees and costs and find that petitioner is entitled to a reimbursement of interim attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $32,467.00 |
| (Adjustment to Attorneys' Fees) | (-$1,623.35) |
| **Attorneys' Fees Awarded** | $30,843.65 |
| | |
| **Attorneys' Costs Awarded** | $988.98 |
| | |
| **Total Interim Attorneys' Fees and Costs** | **$31,832.63** |

**Accordingly, a lump sum in the amount of $31,832.63, representing reimbursement for petitioner's interim attorneys' fees and costs, to be paid in the form of an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[7] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).